1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barton Colson, individually, ) | No. CV-08-2150-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER FOR ISSUANCE OF** |
| ) | **P R O V I S I O N A L   R E M E D Y** |
| vs. ) | **(PREJUDGMENT GARNISHMENT)** |
| ) | **WITH NOTICE** |
| Javad Ghaemmaghami and Marie) | |
| DeBernardi Ghaemmaghami, husband and) | |
| wife; Javad and Marie Ghaemmaghami) | |
| d/b/a Scottsdale Lamborghini and/or) | |
| Scottsdale Motorsports; Lamborghini of) | |
| Scottsdale L.L.C., an Arizona limited) | |
| liability company; Motor Sports of) | |
| Scottsdale, Inc., an Arizona corporation;) | |
| Motorsports of Scottsdale No. 2 L.L.C., an) | |
| Arizona limited liability company; and) | |
| Automobili Lamborghini America, L.L.C.,) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| Automobili Lamborghini Holding, S.P.A.,) | |
| Automobili Lamborghini, S.P.A., and) | |
| Automobili Lamborghini America, L.L.C.,) | |
| ) | |
| Crossclaimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| Motorsports of Scottsdale, Inc., d/b/a) | |
| Lamborghini America Scottsdale, L.L.C.;) | |
| Motorsports of Scottsdale No. 2, L.L.C.;) | |
| Javad Ghaemmaghami and Marie) | |
| Ghaemmaghami, husband and wife. ) | |
| ) | |
| Crossdefendants. ) | |
| ) | |

. . .

Pursuant to Rules 64 and 69, FED.R.CIV.P., and the referral by the assigned District Judge, the Court held an evidentiary hearing on February 5, 2009 on Plaintiff Barton Colson's ("Colson") Verified Emergency Application for Provisional Remedy (Garnishment) with Notice, docket # 5, filed on November 20, 2008.

After finding this District Court has colorable jurisdiction pursuant 28 U.S.C. § 1332(a) to warrant proceeding further with this litigation, the Court considered Colson's Complaint, docket # 3, Application for Provisional Remedy, and Memorandum Pursuant to Order to Show Cause, docket # 58, including the exhibits therein; Defendants Ghaemmaghami's[1] Answer and admissions therein, docket # 44; the absence of any written opposition to Colson's Application for Provisional Remedy by Defendants Ghaemmaghami; and the written arguments of Colson's counsel in support thereof.

The Court **FINDS** that:

1. Plaintiff Colson has stipulated and agreed that he is not seeking a provisional remedy (prejudgment garnishment) against Defendants Lamborghini.[2] (docket # 51)

2. Plaintiff Colson and Defendants Ghaemmaghami[3] were present and represented by counsel at today's hearing and were given an opportunity to be heard and present evidence in opposition to Colson's Application for Garnishment;

---

[1] Collectively these Defendants are: Javad Ghaemmaghami and Marie DeBernardi Ghaemmaghami, husband and wife; Javad and Marie Ghaemmaghami d/b/a Scottsdale Lamborghini and/or Scottsdale Motorsports; Lamborghini of Scottsdale L.L.C., an Arizona limited liability company; Motor Sports of Scottsdale, Inc., an Arizona corporation; and Motorsports of Scottsdale No. 2, L.L.C., an Arizona limited liability company.

[2] Collectively Defendant and Crossclaimants are: Automobili Lamborghini America, L.L.C., Automobili Lamborghini Holding, S.P.A., and Automobili Lamborghini, S.P.A.

[3] Contrary to the Court's February 2, 2009 Order, Marie DeBernardi Ghaemmaghami was not physically present at the February 5th hearing. Javad Ghaemmaghami, however, represented in open court that he had his wife's full and express authority to speak on her behalf and bind their marital community. See, LRCiv 83.7.

1  3. Plaintiff Colson is a "Judgment Creditor" within the meaning of Arizona Revised Statute ("A.R.S.") § 12-1570(4) (" 'Judgment Creditor' means a person . . . that has . . . an order pursuant to chapter 14 of this title [Section 12-2401 *et seq*] allowing him to garnish monies . . . before final judgment on the underlying action."

4. Defendants Ghaemmaghami and their counsel stipulated and agreed in open court on the record to the entry of this Order without the necessity of conducting a formal § 12-2410 hearing and that this Order may issue without Plaintiff Colson's posting a bond required by A.R.S. § 12-1573.

5. Plaintiff Colson served his Application for Garnishment on Defendants Ghaemmaghami as required by, and has otherwise complied with, A.R.S. §§ 12-1572, 12-2403, 12-2404 and 12-2406;

6. Independent of Defendants Ghaemmaghami's stipulation, there is probable cause to believe that Defendants Ghaemmaghami are indebted to Plaintiff Colson in, at least, the sum of $1,381,000.00, and that said debt is likely just, due, and unpaid;

7. Based on the written evidence, it is likely that Plaintiff Colson will prevail at trial on his claims to recover said debt;

8. There is good reason to believe that Garnishees Wells Fargo Bank and Bank of America, more particularly identified in Plaintiff Colson's Application for Garnishment, are indebted to Defendants Ghaemmaghami and/or have non-exempt monies in their possession belonging to Defendants Ghaemmaghami.

Accordingly,

**IT IS ORDERED** that Plaintiff Colson's Verified Emergency Application for Provisional Remedy (Garnishment) with Notice, docket # 5, is **GRANTED** and hereby directing the Clerk of the Court to issue forthwith a Writ for Provisional Remedy (Prejudgment Garnishment) and Summons.

**IT IS FURTHER ORDERED** that the United States Marshal Service or other officer authorized by law to serve process in Maricopa County, Arizona, shall serve and

1 summons the Garnishees to answer under oath as required by A.R.S. §§ 12-1578.01 and 12-
2 1579.

3       Dated this 5th day of February, 2009.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge