**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barton Colson, individually,<br><br>    Plaintiff,<br><br>vs.<br><br>Javad Ghaemmaghami and Marie DeBernardi Ghaemmaghami, husband and wife; Javad and Marie Ghaemmaghami d/b/a Scottsdale Lamborghini and/or Scottsdale Motorsports; Lamborghini of Scottsdale L.L.C., an Arizona limited liability company; Motor Sports of Scottsdale, Inc., an Arizona corporation; Motorsports of Scottsdale No. 2 L.L.C., an Arizona limited liability company; and Automobili Lamborghini America, L.L.C., a Delaware Corporation,<br><br>    Defendants.<br><br>Automobili Lamborghini Holding, S.P.A., Automobili Lamborghini, S.P.A., and Automobili Lamborghini America, L.L.C.,<br><br>    Crossclaimants,<br><br>vs.<br><br>Motorsports of Scottsdale, Inc., d/b/a Lamborghini America Scottsdale, L.L.C.; Motorsports of Scottsdale No. 2, L.L.C.; Javad Ghaemmaghami and Marie Ghaemmaghami, husband and wife.<br><br>    Crossdefendants. | No. CV-08-2150-PHX-MHM<br><br>**CONSENT INJUNCTION AND JUDGMENT** |

Pursuant to the parties' stipulated Joint Petition to Enter a Consent Injunction and Judgment, docket ## 73-74, all parties' limited but explicit consent on the record that the undersigned Magistrate Judge may enter the subject Consent Injunction and Judgment only pursuant to 28 U.S.C. § 636(c), and good cause appearing,

The Court **finds** as follows:

1. On January 22, 2009 Automobili Lamborghini Holding S.P.A, Automobili Lamborghini S.P.A, and Automobili Lamborghini America, L.L.C. (collectively, "Lamborghini") filed a crossclaim and motion for preliminary injunction against Motorsports Of Scottsdale, Inc., d/b/a Lamborghini America Scottsdale, Lamborghini of Scottsdale, L.L.C. Motorsports Of Scottsdale No. 2, LLC (collectively, "MotorSports"), Javad Maghami a/k/a Javad Ghaemmaghami, and Marie Maghami a/k/a Marie Ghaemmaghami (collectively, the "Maghamis"; the Maghamis and MotorSports collectively, the "Crossdefendants"), seeking among other things, to enjoin the Crossdefendants' use of certain famous Lamborghini trademarks (the "Lamborghini Trademarks") (as defined in Crossclaim ¶ 7).

2. Lamborghini is the owner of the Lamborghini Trademarks, and the federal registrations therefor. Each of the registrations listed in Exhibit 1 to the Crossclaim is valid, subsisting and in full force and effect, and many of them have become incontestable pursuant to 15 U.S.C. § 1065.

3. As a result of the wide renown of automobiles and related products sold under the Lamborghini Trademarks, coupled with Lamborghini's worldwide reputation for high quality automobiles of superior design and luxury, and the wide geographic distribution and extensive sales of various automobiles and other products distributed under the Lamborghini Trademarks, the Lamborghini Trademarks have not only acquired secondary meaning, they have become strong marks.

4. In addition, Lamborghini Trademarks have become famous within the meaning of Section 43(c) of the Lanham Act.

1         5. In October 2003, MotorSports had entered into a Lamborghini Dealer
2  Agreement (the "Dealer Agreement") with Automobili Lamborghini S.P.A., pursuant to
3  which MotorSports was authorized to sell Lamborghini automobiles at a showroom located
4  at its dealership at 8053 E. Raintree Drive, Scottsdale, Arizona 85260 (the "Dealership"), and
5  to operate a parts and service department and body shop at the same location.

6         6.  Pursuant to Article 10 of the Dealer Agreement, MotorSports was
7  authorized to use the Lamborghini Trademarks only in compliance with the Dealer
8  Agreement.  Article 10 further provided that, upon termination of the Dealer Agreement,
9  MotorSports was required to immediately cease and desist using the Lamborghini
10 Trademarks or any trademarks confusingly similar to the Lamborghini Trademarks.  The
11 Dealer Agreement further provides that upon termination of the Dealer Agreement,
12 MotorSports was not only prohibited from holding itself out as an authorized Lamborghini
13 dealer, MotorSports was also not to identify or advertise itself as even a former Lamborghini
14 dealer.

15        7. Pursuant to a Notice of Termination dated June 19, 2008, Lamborghini
16 terminated the Dealer Agreement between Lamborghini and MotorSports. On July 15, 2008,
17 the office of the Director of the Arizona Department of Transportation confirmed that
18 Lamborghini's Notice of Termination of MotorSports had been applied.

19        8. Lamborghini's termination of MotorSports' Dealer Agreement became
20 effective on October 15, 2008, and any rights MotorSports acquired pursuant to the Dealer
21 Agreement to the use of the Lamborghini Trademarks terminated on October 15, 2008.

22        9.  After October 15, 2008, the Crossdefendants continued to use the
23 Lamborghini   Trademarks   at   the   Dealership   and   on   their   website
24 http://www.motorsportsofscottsdale.com (the "Website") and to hold themselves out as an
25 authorized Lamborghini dealer and service operation.

26        10. In a letter to MotorSports, dated December 13, 2008 (the "December 13th
27 Letter"), Lamborghini demanded that MotorSports comply with the post-termination
28

- 3 -

1 obligations set forth in Article 20 of the Dealer Agreement, including discontinuing both all use of the Lamborghini trademarks and holding themselves out as an authorized distributor or dealer of Lamborghini. Lamborghini also demanded that Crossdefendants return all Lamborghini property.

11. Crossdefendants did not comply, instead continued to use the Lamborghini Trademarks at the Dealership and on the Website and to hold itself out as authorized by Lamborghini to provide service.

12. Lamborghini provided the Defendants with a 2009 Lamborghini Gallardo Spyder automobile (Vehicle Identification Number ZHWGU54TX9LA07810) (the "Gallardo") as a demonstrator vehicle for use in its operations as an authorized Lamborghini dealer. The Gallardo is a high-end luxury vehicle and had a Manufacturer's Suggested Retail Price of approximately $240,000 at the time it was provided to MotorSports.

13. MotorSports was required to pay Lamborghini for the Gallardo in order to retain possession of it. MotorSports has neither paid Lamborghini for the Gallardo nor returned it to Lamborghini.

14. In the December 18th Letter, Lamborghini asserted its rightful ownership of the Gallardo and demanded that MotorSports return the vehicle to Lamborghini. MotorSports has failed to return the Gallardo.

15. Crossdefendants use of Lamborghini's federally registered Trademarks is likely to continue to cause confusion, mistake, and deception among consumers in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

16. Crossdefendants' use of the Lamborghini Trademarks is likely to cause confusion as to source, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

17. Crossdefendants' use of the Lamborghini Trademarks is likely to continue to cause confusion, mistake, and deception among consumers and therefore constitutes common law trademark infringement.

- 4 -

18. Crossdefendants' use of the Lamborghini Trademarks in connection with the distribution and sale of its products and/or the operation of a service shop under the Lamborghini Trademarks, is likely to dilute, and has actually diluted, the distinctive quality of the Lamborghini Trademarks by blurring and tarnishing the marks.

19. By using the Lamborghini Trademarks in connection with the distribution and sale of its products and/or the operation of a service shop under the Lamborghini Trademarks, by holding itself out as an authorized Lamborghini dealer, and by failing to return Lamborghini property bearing the Lamborghini Trademarks, MotorSports has not complied with its post termination obligations provided in Article 10, paragraph 3 and Article 20, paragraph 1 of the Dealer Agreement.

20. Unless Crossdefendants' use of the Lamborghini Trademarks is enjoined, Lamborghini will be irreparably injured.

21. Lamborghini has no adequate remedy at law.

22. Lamborghini is entitled to possession of the Gallardo upon return to MotorSports of the $15,000 deposit (the "Deposit") MotorSports paid to Lamborghini.

**IT IS HEREBY ORDERED** that:

1. The Crossdefendants, all of their officers, agents, servants, employees and attorneys and all persons who are in active concert or participation with them and their officers, agents, servants, employees and attorneys and others who receive actual notice of the injunction by personal service or otherwise, are permanently enjoined and prohibited from:

    a. Using or displaying any of the Lamborghini Trademarks at the Dealership and on the Website and from holding themselves out as an authorized Lamborghini dealer and service operation;

    b. Using any false designation of origin or false description, or performing any act which can, or is likely to, lead members of the trade or public to believe that MotorSports is associated with Lamborghini, or that any product

1 imported, manufactured, produced, distributed, circulated, advertised,
2 promoted, displayed, sold, or offered for sale by, or any service offered by
3 MotorSports is associated with Lamborghini, is connected with Lamborghini,
4 is a genuine product of Lamborghini, or is authorized, licensed, sponsored, or
5 otherwise approved by Lamborghini;
6    c. Engaging in any other activity constituting unfair competition with
7 Lamborghini, or constituting infringement of the Lamborghini Trademarks;
8    d. Diluting or tarnishing the Lamborghini Trademarks; and
9    e. Instructing, assisting, aiding or abetting any other person or business entity
10 in engaging in any of the activities referred to in subparagraphs a. – d. above;
11    2. Within thirty (30) calendar days of the entry date of this Consent Injunction
12 and Judgment, the Crossdefendants shall, at their sole cost, remove all Lamborghini
13 Trademarks from the Dealership and Website.
14    3. Upon twenty-four (24) hours advance notice from Lamborghini,
15 Crossdefendants shall permit Lamborghini and/or its counsel to inspect the materials
16 enumerated in subparagraphs (a)-(d), below at the MotorSports location to determine the
17 appropriate disposition of such materials. In the event that Lamborghini and Crossdefendants
18 do not reach agreement as to the disposition of the materials enumerated in subparagraphs (a)-
19 (d) below, they shall have the right to seek relief from the Court with respect to such issues.
20    a. All signs, labels, tags, packages, advertisements, promotional or
21 marketing materials, and any other materials or any other articles bearing the
22 Lamborghini Trademarks or any other marks that infringe the Lamborghini
23 Trademarks, are confusingly similar to or a colorable imitation of, and/or dilute
24 the Lamborghini Trademarks;
25    b. All plates, molds, and other means of producing such materials and
26 products;
27    c. All information systems, items of equipment or special tools, manuals
28

- 6 -

    and similar materials; and

     d.  All other items owned by Automobili Lamborghini S.P.A. or any company within the Lamborghini Group.

   4. Within three (3) business days of the entry date of this Consent Injunction and Judgment, Lamborghini will pay to MotorSports the sum of $15,000 which constitutes the Deposit paid by MotorSports to Lamborghini for the Gallardo.  Immediately upon receipt of the Deposit, Crossdefendants shall make the Gallardo available for return to Lamborghini at the Dealership or such other location as the parties may agree in writing.

   5. Within three (3) business days of the entry date of this Consent Injunction and Judgment, Crossdefendants will withdraw in writing their objection to the Notice of Termination that was submitted on October 16, 2008 to the Director of Arizona Department of Transportation and shall provide a copy of such written correspondence to Lamborghini and its counsel.

   6. In the event of a proceeding to enforce this Consent Injunction and Judgment, the prevailing party may seek to recover their costs and reasonable attorneys' fees in addition to any other applicable and available relief.

   7. This Consent Injunction has been duly approved by each party or party representative with full and express authority to do so, and is legally binding upon and enforceable as to each party, in accordance with its terms and applicable law.

   8. All parties reserve all claims, remedies and defenses to the extent not adjudicated herein, including but not limited to, Lamborghini's claims for damages and attorneys' fees under federal and state law, Count VIII of the Crossclaim, and Crossdefendants' claims, if any, relating to the termination of the Dealer Agreement.

   9. The terms of this Consent Injunction may be amended, changed or modified only by written agreement executed by the parties hereto and approved and ordered by the Court.

   10. This District Court expressly reserves and retains jurisdiction to assure

1 compliance with, and enforcement of, the terms of this Consent Injunction and Judgment. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85 (9th Cir. 1997).

DATED this 11th day of February, 2009.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge