**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Burton Colson, | No. CV08-2150-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Javad Maghami a/k/a Javad Ghaemmaghami Marie Debernardi Ghaemmaghami, Javad and Marie Maghami d/b/a Scottsdale Lamborghini and/or Scottsdale Motorsports; Lamborghini of Scottsdale LLC, an Arizona limited liability company; Motor Sports Of Scottsdale, Inc., Motorsports of Scottsdale No. 2, LLC, and Automobili Lamborghini America, LLC, a Delaware Corporation, | |
| Defendants. | |
| Automobili Lamborghini Holding S.p.A., Automobili Lamborghini S.p.A., and Automobili Lamborghini America, LLC, | |
| Crossclaimants, | |
| v. | |
| Motorsports of Scottsdale, Inc., d/b/a Lamborghini America Scottsdale, Lamborghini of Scottsdale, LLC, Motor Sports of Scottsdale No. 2, LLC, Javad Maghami a/k/a Javad Ghaemmaghami, and Marie Maghami a/k/a Marie Ghammaghami, | |
| Crossdefendants. | |

Currently pending before the Court is a Motion for Leave to File Verified Crossclaim filed by Motor Sports of Scottsdale, Inc. (Dkt.#108); a First Motion to Amend/Correct Complaint filed by Barton Colson (Dkt.#110); and a Motion for Order to Show Cause Why Crossdefendants Should Not Be Held in Contempt filed by Automobili Lamborghini America, LLC, Automobili Lamborghini Holdings S.p.A., and Automobili Lamborghini S.p.A.(Dkt.#93). Having considered these motions and their accompanying papers, the Court issues the following Order.

## I. Motion for Leave to File Verified Crossclaim

### A. Relevant Procedural history

This case began as a relatively simple claim by Barton Colson ("Colson") for the recovery of a deposit of nearly $1.4 million he paid to secure the delivery of a Lamborghini Reventon vehicle. When it became clear that no delivery would ever occur, Colson sued the dealership (Motorsports of Scottsdale or Scottsdale Motorsports), the dealer and his wife in their individual capacities (Javad and Marie Maghami), and the manufacturer (Automobili Lamborghini America, LLC) for eleven counts sounding in tort and contract relating to defendants' failure to deliver the car, misrepresentations, fraud, and failure to supervise its employees and dealers.

On January 22, 2009, the Lamborghini defendants (Automobili Lamborghini S.p.A., Automobili Lamborghini Holding, S.p.A. and Automobili Lamborghini America, LLC) filed a verified cross-claim.[1] (Dkt.#53) This cross claim alleged that despite being terminated as a Lamborghini dealer and service provider, Motorsports continued to hold itself out as an authorized Lamborghini dealer and continued to operate a parts and service department as an authorized service provider for Lamborghini automobiles. The cross claim alleged unfair competition and trademark infringement as well as breach of post-termination obligations under the dealer agreement against Motorsports. It further alleged that Motorsports

---

[1] The Lamborghini defendants never filed a motion seeking leave to file their cross-claim; however, as explained below, cross claims are always permissive under Rule 13(g).

- 2 -

wrongfully retained a Lamborghini automobile that was worth approximately $240,000.[2] Finally, the cross claim sought indemnification from Motorsports for the losses it might sustain in connection with Motorsports' conversion of the purchase price of a Lamborghini from Colson (Count VII). (Dkt.#53 at ¶¶ 99-104 and ¶ X at page 27)

In response, on June 12, 2009, Motorsports of Scottsdale filed a Motion for Leave to File Verified Crossclaim against the Lamborghini Defendants/Crossclaimants. (Dkt.#108) Motorsports alleges that the Lamborghini entities unreasonably withheld consent to sell Motorsports to VNHS Properties (an entity that is not a party to this action) and violated the Dealership Agreement by failing to consider VNHS's application in good faith. Based on these charges, Motorsports alleges a breach of contract claim and a violation of A.R.S. § 28-4457(A)(1) against the Lamborghini defendants. Motorsports further asserts that the Lamborghini entities wrongfully drew against Motorsports' $1.5 million line of credit with Wells Fargo Bank, breaching the Dealer Agreement, causing Motorsports to lose its line of credit with Wells Fargo, and causing significant damage to Motorsports. (Dkt.#108-2 at 3)

### B.     Relevant Rules

Motorsports seeks leave to file the verified cross claim summarized in the previous paragraph. Under Rule 13(g), cross claims are always permissive. The full text of Rule 13(g) is as follows:

> A pleading *may* state as a crossclaim any claim by one party against a coparty *if* the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

(Emphasis added.) Cross claims must arise out of the same transaction or occurrence as the original action, or relate to the same property that is in dispute in the original action. See, e.g., State of Cal. v. Kleppe, 604 F.2d 1187, 1192 n.6 (9th Cir. 1979); 6 Charles Alan Wright

---

[2] This automobile is not the same Lamborghini Reventon that Plaintiff originally sought to purchase.

1  & Arthur R. Miller, Federal Practice and Procedure § 1431 (noting that "only claims related
2  to the subject matter of the original action, or to property involved therein, are appropriate
3  as cross-claims against a coparty").

4  Here, there are essentially three controversies at issue. Controversy A is Colson's
5  attempt to regain the money he asserts that he paid for a Lamborghini Reventon. This is the
6  underlying lawsuit. Controversy B is the Lamborghini defendants' arguments that
7  Motorsports of Scottsdale misappropriated the Lamborghini trademark after its dealership
8  agreement had been terminated. This is asserted as a cross-claim. Controversy C is
9  Motorsports' argument that the Lamborghini defendants wrongfully withheld their approval
10 from Motorsports' attempt to sell the dealership to a third party and that the Lamborghini
11 defendants wrongfully drew against the $1.5 million Wells Fargo line of credit. This is also
12 asserted as a cross-claim. While Controversy C is clearly related to Controversy B, neither
13 Controversy B nor Controversy C arises out of the same transaction or occurrence as
14 Controversy A. The original plaintiff (Colson) simply wants his deposit to be returned and
15 has no interest in the outcome of the franchisee-franchisor dispute between Motorsports and
16 the Lamborghini defendants. Moreover, Controversy B and Controversy C threaten to dwarf
17 Controversy A. *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and
18 Procedure § 1431 ("[P]laintiff's suit could become unduly complicated and prejudice might
19 result to him if defendant is allowed to raise a claim against a codefendant in which the
20 original plaintiff has no interest.").

21 Because the two cross-claims do not arise out of the same transaction or occurrence
22 as the underlying lawsuit, they do not comport with Rule 13(g). As such, Motorsports'
23 Motion for Leave to File Verified Crossclaim (Dkt.#108) is denied. Moreover, given that
24 the Lamborghini Defendants' Crossclaim (Dkt.#53) is not sufficiently related to Plaintiff's
25 underlying case, it should also be dismissed. It is therefore dismissed except for the narrow
26 portion of the cross claim that seeks indemnity from Motorsports for having to defend against
27 the action by Colson (specifically, Dkt.#53 at ¶¶ 99-104 and ¶ X at page 27). It should be
28 obvious that both the Lamborghini Crossclaim (Dkt.#53) and the Motorsports Crossclaim

(Dkt.#108) are dismissed without prejudice to their subsequent assertion in an independent lawsuit.

This ruling comports with Rule 21, which states that "[a]ny claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance under Rule 21. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir.2000); Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1015 (7th Cir. 2000) (noting district courts' "broad discretion" under Rule 21; "[a]s long as there is a discrete and separate claim, the district court may exercise its discretion and sever it"); Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc., 918 F. Supp. 343 (D. Kan. 1996) (in employing Rule 21, court should consider convenience of parties, avoidance of prejudice, and judicial efficiency).

The Court is mindful that the parties may separately wish to appeal the results of Colson's Reventon dispute and the franchisor-franchisee dispute between Motorsports and Lamborghini. Therefore, it is explicitly choosing to proceed under Rule 21 rather than Rule 42(b). "When a claim is severed under Rule 21, it ceases to be part of the same suit." Mathis v. Bess, 761 F.Supp. 1023, 1026 (S.D.N.Y. 1991). By contrast, if an issue is separated under Rule 42(b), it will be tried separately but remain part of the same lawsuit. The most important result of this distinction is that severed proceedings under Rule 21 become final as each proceeding goes to judgment, and may be appealed individually. Separate trials under Rule 42(b), by contrast, are typically *not* ready for appeal until all claims and issues are decided. Acevedo-Garcia v. Monroig, 351 F.3d 547, 559-60 (1st Cir. 2003) (explaining that under Rule 21 a judgment entered is final and appealable without regard to whether other severed portions of original case have proceeded to judgment; in contrast, under Rule 42(b) separate trials do not usually become appealable until all of the trials have been decided). Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1013 (7th Cir. 2000) ("Under Rule 21 . . . severance creates two separate actions where previously there was but one").

## II.     First Motion to Amend/Correct the Complaint

Plaintiff Colson moves the Court for leave to file his First Amended Complaint to include a failure to warn claim against Automobili Lamborghini America, LLP. (Dkt.#110) This motion is unopposed.

Leave to file an amended complaint under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires" and this policy "'is to be applied with extreme liberality.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Inferences should be drawn "in favor of granting the motion" to amend.  Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

Colson explained that his delay in bringing the additional claim was due to the fact that he discovered it only after discovery began.  Because of this, it appears that the proposed amendment is in good faith, that he has not delayed in seeking to amend, that granting leave to amend will not prejudice Lamborghini America, and that the proposed amendment will not be futile.  Finding his motion unopposed, the authorities cited therein persuasive, and given the liberal standards permitting amendment, the Court will grant this motion.

## III.    Motion for Order to Show Cause Why Crossdefendants Should Not Be Held in Contempt

The Lamborghini defendants filed a Motion for Order to Show Cause Why Crossdefendants Should Not Be Held in Contempt.  This motion related to their cross-claim against Motorsports regarding trademark infringement.  (Dkt.#93)  Given that this cross-claim has been dismissed from this action as explained above, this motion is now moot.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Motorsports' Motion for Leave to File Verified Crossclaim (Dkt.#108).

**IT IS FURTHER ORDERED** dismissing without prejudice the Lamborghini Defendants' Crossclaim (Dkt.#53) except for the narrow portion of the cross claim that seeks

1  indemnity from Motorsports for having to defend against the action by Colson (specifically, Dkt.#53 at ¶¶ 99-104 and ¶ X at page 27).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt.#110) is granted. Plaintiff's First Amended Complaint is deemed filed as of the date of this Order.

**IT IS FURTHER ORDERED** denying as moot the motion for Order to Show Cause Why Crossdefendants Should Not Be Held in Contempt. (Dkt.#93)

The parties are reminded that the deadlines contained in the Court's Case Management Order dated April 16, 2009 (Dkt.#102) will continue to apply and will be strictly enforced.

DATED this 29th day of July, 2009.

_____
Mary H. Murguia
United States District Judge